FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2021 AUG -5  PM 3: 08

UNITED STATES OF AMERICA

v.

KIMBERLY MICHELLE CLARIDY WALKER
NEAL MERRELL WALKER
MARCUS ANTONIO PETERSON
RAMONE LAZAI ASTIN
  a/k/a Ray
ALFRED EUGENE BELL
  a/k/a Junior
MAR'QUEZ MAURICE MICKLER
  a/k/a Quez
DAVID LEE GEATHERS
BRANDIESA TYLESE WILLIAMS
  a/k/a Ty
PORSCHEE LANEAL WALKER
ANTWAN LE'QUEZE MAJOR
  a/k/a Twan
MICHAEL SHAQUILLE LEE
  a/k/a Smooth
EUGENE ANTWONN FARMER
  a/k/a Spaz

Case No. 3:21-cr-48(S1)-TJC-PDB
21 U.S.C. § 846
21 U.S.C. § 841(a)(1)
18 U.S.C. § 924(c)(1)(A)(i)
18 U.S.C. § 1956(h)

## INDICTMENT

The Grand Jury charges:

## COUNT ONE

From in or about July, 2018, and continuing through on or about April 13,

2021, in the Middle District of Florida and elsewhere, the defendants,

KIMBERLY MICHELLE CLARIDY WALKER
NEAL MERRELL WALKER

MARCUS ANTONIO PETERSON
RAMONE LAZAI ASTIN
  a/k/a Ray
ALFRED EUGENE BELL
  a/k/a Junior
MAR'QUEZ MAURICE MICKLER
  a/k/a Quez
DAVID LEE GEATHERS
BRANDIESA TYLESE WILLIAMS
  a/k/a Ty
PORSCHEE LANEAL WALKER
ANTWAN LE'QUEZE MAJOR
  a/k/a Twan
MICHAEL SHAQUILLE LEE
  a/k/a Smooth
EUGENE ANTWONN FARMER
  a/k/a Spaz

did knowingly and willfully conspire with each other and with other persons, both known and unknown to the Grand Jury, to distribute and to possess with intent to distribute controlled substances.

With respect to each defendant, the violation involved a mixture and substance containing a detectable amount of 3,4-methylenedioxymethamphetamine, or MDMA, a Schedule I controlled substance, and a mixture and substance containing a detectable amount of α-Pyrrolidinopentiophenone, or alpha-PVP, a Schedule I controlled substance.

It was part of the conspiracy that the conspirators would perform acts and make statements to hide and conceal and cause to be hidden and concealed the purpose of the conspiracy and the acts committed in furtherance thereof.

All in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C).

2

## COUNT TWO

On or about April 13, 2021, in the Middle District of Florida, the defendants,

DAVID LEE GEATHERS
BRANDIESA TYLESE WILLIAMS
a/k/a Ty

aiding and abetting each other, did knowingly and intentionally possess with intent

to distribute a controlled substance.

With respect to each defendant, the violation involved a mixture and

substance containing a detectable amount of cocaine, a Schedule II controlled

substance.

In violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) and 18 U.S.C. § 2.

## COUNT THREE

On or about April 13, 2021, in the Middle District of Florida, the defendant,

DAVID LEE GEATHERS

did knowingly possess a firearm in furtherance of a drug trafficking crime for which

the defendant may be prosecuted in a Court of the United States, specifically,

possession with intent to distribute a controlled substance, in violation of 21 U.S.C.

§ 841(a)(1), as alleged in Count Two above, Count Two being incorporated by

reference.

In violation of 18 U.S.C. § 924(c)(1)(A)(i).

3

## COUNT FOUR

### A.   Introduction

At all times material to this Indictment:

1.      The defendants KIMBERLY MICHELLE CLARIDY WALKER,

NEAL MERRELL WALKER, MAR'QUEZ MAURICE MICKLER, a/k/a Quez,

DAVID LEE GEATHERS, BRANDIESA TYLESE WILLIAMS, a/k/a Ty, and

PORSCHEE LANEAL WALKER were residents of the Middle District of Florida.

2.      K & N Investment Properties LLC and Walkers Property Investment

LLC were business entities owned and controlled by KIMBERLY MICHELLE

CLARIDY WALKER and NEAL MERRELL WALKER.

3.      Navy Federal Credit Union ("NFCU"), Community First Credit Union

("CFCU"), and First Federal Credit Union ("FFCU") were federally insured

financial institutions.

4.      From in or about July, 2018, and continuing through on or about

April 13, 2021, the defendants conspired to distribute and to possess with intent to

distribute controlled substances, as alleged in Count One of this Indictment.

### B.   The Conspiracy

5.      From in or about July, 2018, through on or about April 13, 2021, in the

Middle District of Florida and elsewhere, the defendants,

    KIMBERLY MICHELLE CLARIDY WALKER
    NEAL MERRELL WALKER

4

MAR'QUEZ MAURICE MICKLER
   a/k/a Quez
DAVID LEE GEATHERS
BRANDIESA TYLESE WILLIAMS
   a/k/a Ty
PORSCHEE LANEAL WALKER

did knowingly and willfully, combine, conspire, confederate, and agree with each

other and with other persons, both known and unknown to the Grand Jury, to

commit the following offenses:

    (a)    to knowingly conduct and attempt to conduct monetary transactions,

which affected interstate and foreign commerce, involving the proceeds

of a specified unlawful activity, that is, conspiracy to distribute and to

possess with intent to distribute a controlled substance, knowing that

the funds involved in the monetary transactions represented the

proceeds of some form of unlawful activity and knowing that the

transactions were designed in whole or in part to conceal and disguise

the nature, location, source, ownership, and control of the proceeds of

specified unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(B)(i);

    (b)    to knowingly conduct and attempt to conduct monetary transactions,

which affected interstate and foreign commerce, involving the proceeds

of a specified unlawful activity, that is, conspiracy to distribute and to

possess with intent to distribute a controlled substance, knowing that

the funds involved in the monetary transactions represented the

proceeds of some form of unlawful activity and knowing that the transactions were designed in whole or in part to avoid a transaction reporting requirement under Federal law, in violation of 18 U.S.C. § 1956(a)(1)(B)(ii); and

(c)     to knowingly conduct and attempt to conduct monetary transactions, by, through, and to a financial institution, which affected interstate and foreign commerce, in criminally derived property of a value greater than $10,000, involving the proceeds of a specified unlawful activity, that is, conspiracy to distribute and to possess with intent to distribute a controlled substance, knowing that the funds involved in the monetary transactions represented the proceeds of some form of unlawful activity, in violation of 18 U.S.C. § 1957.

### C.   Manner and Means

6.     The manner and means by which the conspirators carried out the conspiracy included, but were not limited to, the following:

(a)     It was part of the conspiracy that the conspirators would and did earn substantial amounts of cash from the illegal sale of controlled substances.

(b)     It was further part of the conspiracy that the conspirators would and did open and use accounts at NFCU, CFCU, and FFCU to engage in,

attempt to engage in, and cause monetary transactions involving criminally derived property.

(c)     It was further part of the conspiracy that the conspirators would and did structure deposits of cash from the illegal sale of controlled substances into NFCU, CFCU, and FFCU in amounts of less than $10,000.

(d)     It was further part of the conspiracy that the conspirators would and did knowingly and willfully avoid compliance with transaction reporting requirements under Federal law, including, but not limited to, the filing by NFCU, CFCU, and FFCU of Currency Transaction Reports, which are required for all cash transactions in excess of $10,000.

(e)     It was further part of the conspiracy that the conspirators would and did use the deposited funds from criminally derived property to purchase cashier's checks from NFCU, CFCU, and FFCU.

(f)     It was further part of the conspiracy that the conspirators would and did use cashier's checks obtained from NFCU, CFCU, and FFCU to purchase tax deeds from the Duval County Clerk of Court for properties located in Jacksonville, in the Middle District of Florida.

(g)     It was further part of the conspiracy that the conspirators would and did cause the properties obtained through the purchase of tax deeds to be deeded in the names of K & N Investment Properties LLC and Walkers Property Investment LLC.

7

(h)     It was further part of the conspiracy that the conspirators would and did

perform acts and make statements to hide and conceal and cause to be

hidden and concealed the purpose of the conspiracy and the acts

committed in furtherance thereof.

All in violation of 18 U.S.C. §§ 1956(h) and 1956(a)(1)(B).


## FORFEITURES

1.      The allegations contained in Counts One through Four of this

Indictment are hereby realleged and incorporated by reference for the purpose of

alleging forfeitures pursuant to the provisions of 21 U.S.C. § 853, 18 U.S.C. § 924(d),

and 28 U.S.C. § 2461(c), and 18 U.S.C. § 982.

2.      Upon conviction of a violation of 21 U.S.C. § 846, the defendants,

> KIMBERLY MICHELLE CLARIDY WALKER
> NEAL MERRELL WALKER
> MARCUS ANTONIO PETERSON
> RAMONE LAZAI ASTIN
>   a/k/a Ray
> ALFRED EUGENE BELL
>   a/k/a Junior
> MAR'QUEZ MAURICE MICKLER
>   a/k/a Quez
> DAVID LEE GEATHERS
> BRANDIESA TYLESE WILLIAMS
>   a/k/a Ty
> PORSCHEE LANEAL WALKER
> ANTWAN LE'QUEZE MAJOR
>   a/k/a Twan
> MICHAEL SHAQUILLE LEE
>   a/k/a Smooth

8

EUGENE ANTWONN FARMER
a/k/a Spaz

shall forfeit to the United States, pursuant to 21 U.S.C. §§ 853(a)(1) and (2), any

property constituting, or derived from, any proceeds the defendants obtained,

directly or indirectly, as a result of such violation, and any property used, or intended

to be used, in any manner or part, to commit, or to facilitate the commission of, such

violation.

3.      Upon conviction of a violation of 21 U.S.C. § 841(a)(1), the defendants,

DAVID LEE GEATHERS
BRANDIESA TYLESE WILLIAMS
a/k/a TY

shall forfeit to the United States, pursuant to 21 U.S.C. §§ 853(a)(1) and (2), any

property constituting, or derived from, any proceeds the defendants obtained,

directly or indirectly, as a result of such violation, and any property used, or intended

to be used, in any manner or part, to commit, or to facilitate the commission of, such

violation.

4.      Upon conviction of a violation of 18 U.S.C. § 924(c), the defendant,

DAVID LEE GEATHERS

shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C.

§ 2461(c), all firearms and ammunition involved in or used in the violation.

5.      Upon conviction of a violation of 18 U.S.C. § 1956, the defendants,

KIMBERLY MICHELLE CLARIDY WALKER
NEAL MERRELL WALKER

MAR'QUEZ MAURICE MICKLER
  a/k/a Quez
DAVID LEE GEATHERS
BRANDIESA TYLESE WILLIAMS
  a/k/a Ty
PORSCHEE LANEAL WALKER

shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(1), any property, real

or personal, involved in such offense, or any property traceable to such property.

6.      The property to be forfeited includes, but is not limited to, the

following:

a.      $148,023.75 in U.S. currency seized during the search of 7253 Michael Terrace, Jacksonville, Florida, on April 13, 2021,

b.      $606.86 in U.S. currency (originally Jamaican currency, converted to U.S. currency) seized during the search of 7253 Michael Terrace, Jacksonville, Florida, on April 13, 2021,

c.      $18,283 in U.S. currency seized during the search of 4455 Confederate Point Road, Apt. 2F, Jacksonville, Florida, on April 13, 2021,

d.      $8,768 in U.S. currency seized during the search of 6845 Arlington Expressway, Jacksonville, Florida, on April 13, 2021,

e.      $5,000 in U.S. currency seized during the search of 1044 E. 14th Street, Jacksonville, Florida, on April 13, 2021,

f.      $654.31 in U.S. currency seized during the search of 1044 E. 14th Street, Jacksonville, Florida, on April 13, 2021,

g.      $5,654.31 U.S. currency seized from ALFRED EUGENE BELL on April 13, 2021,

h.      $4,387.76 seized from a Navy Federal Credit Union checking account, number ending in 4435, in the name of K&N Lawn N Pressure Washing Service LLC,

i.      a 2015 BMW 5501, VIN WBAKN9C58FD960901,

10

j.      a 2015 Lexus IS 250, VIN JTHBF1D2XF5052478,

k.      a 2013 Audi AS L Quattro, VIN WAURGAFD7DN001297,

l.      a 2020 Ryker Rally Edition motorcycle, VIN 3JB2GEG25LJ000932,

m.      a Jimenez Arms .380 caliber pistol, serial number 287597,

n.      a 30 round Scherer magazine,

o.      a 15 round Glock magazine,

p.      assorted .40 caliber ammunition,

q.      a Smith & Wesson handgun magazine,

r.      a Glock .40 caliber pistol, serial number HKV649,

s.      a Glock .45 caliber pistol, serial number AAZ620,

t.      a SCCY Industries 9 mm Pistol, serial number 794740,

u.      a Harrington and Richardson revolver, serial number AY042628,

v.      a .40 caliber magazine with 18 rounds of ammunition,

w.      two handgun magazines,

x.      37 rounds Tula Cartridge Works-Russia Ammunition, Cal. 45;

y.      a Rolex Datejust watch, seized during the search of 7253 Michael Terrace, Jacksonville, Florida, on April 13, 2021,

z.      a Rolex Day-Date watch, seized during the search of 7253 Michael Terrace, Jacksonville, Florida, on April 13, 2021,

aa.     a gold necklace containing large lion head charm with clear and red stones, seized during the search of 7253 Michael Terrace, Jacksonville, Florida, on April 13, 2021,

bb.     a gold necklace with small lion head charm, seized during the search of 7253 Michael Terrace, Jacksonville, Florida, on April 13, 2021,

cc.     a large gold chain link bracelet, seized during the search of 7253 Michael Terrace, Jacksonville, Florida, on April 13, 2021,

11

dd.     a gold chain link necklace containing clear stones, seized during the search of 7253 Michael Terrace, Jacksonville, Florida, on April 13, 2021,

ee.     a gold diamond cut bracelet, seized during the search of 7253 Michael Terrace, Jacksonville, Florida, on April 13, 2021,

ff.     a gold bracelet with circular flowers and clear stones, seized during the search of 7253 Michael Terrace, Jacksonville, Florida, on April 13, 2021,

gg.     a gold bracelet containing large X's with clear stones, seized during the search of 7253 Michael Terrace, Jacksonville, Florida, on April 13, 2021,

hh.     a gold bracelet containing smaller X's with clear stones, seized during the search of 7253 Michael Terrace, Jacksonville, Florida, on April 13, 2021,

ii.     a Christian Louboutin purse, seized during the search of 7253 Michael Terrace, Jacksonville, Florida, on April 13, 2021,

jj.     a Christian Louboutin belt, seized during the search of 7253 Michael Terrace, Jacksonville, Florida, on April 13, 2021, and

kk.     Versace shoes, size 38, seized during the search of 7253 Michael Terrace, Jacksonville, Florida, on April 13, 2021.

7.     If any of the property described above, as a result of any act or omission of the defendants:

a.     cannot be located upon the exercise of due diligence,

b.     has been transferred or sold to, or deposited with, a third party,

c.     has been placed beyond the jurisdiction of the court,

d.     has been substantially diminished in value, or

e.     has been commingled with other property which cannot be divided without difficulty,

12

the United States of America shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p) and 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c) and 18 U.S.C. § 982(b)(1).

A TRUE BILL,

Foreperson

KARIN HOPPMAN
Acting United States Attorney

By: _____

ARNOLD B. CORSMEIER
Assistant United States Attorney

By: _____

FRANK TALBOT
Assistant United States Attorney
Chief, Jacksonville Division

## UNITED STATES DISTRICT COURT
Middle District of Florida
Jacksonville Division

THE UNITED STATES OF AMERICA

vs.

KIMBERLY MICHELLE CLARIDY WALKER
NEAL MERRELL WALKER
MARCUS ANTONIO PETERSON
RAMONE LAZAI ASTIN
  a/k/a Ray
ALFRED EUGENE BELL
  a/k/a Junior
MAR'QUEZ MAURICE MICKLER
  a/k/a Quez
DAVID LEE GEATHERS
BRANDIESA TYLESE WILLIAMS
  a/k/a Ty
PORSCHEE LANEAL WALKER
ANTWAN LE'QUEZE MAJOR
  a/k/a Twan
MICHAEL SHAQUILLE LEE
  a/k/a Smooth
EUGENE ANTWONN FARMER
  a/k/a Spaz

### INDICTMENT

Violations:  21 U.S.C. §§ 841(a)(1), 846, and 841(b)(1)(C)
             18 U.S.C. §§ 924(c)(1)(A)(i) and 1956(h)

A true bill,

_Foreperson_

Filed in open court this 5th day

of August, 2021.

_Clerk_

Bail $_____